**UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND**

---

In re:   Sean McGuinness,                                              BK No: 08-10746
         Debtor                                                        Chapter 7

---

**DECISION AND ORDER
ON DEBTOR'S MOTION TO REOPEN**

(Relating to Doc. ## 10, 14, 15)

Debtor Sean McGuinness moves to reopen his chapter 7 bankruptcy case more than seven years after it was closed for the purpose of filing the financial management course certificate he failed to file before his case was closed. Thus, he seeks to revive his closed case in an effort to now receive a discharge of the debts he listed in his petition. After the case was filed on March 18, 2008, the trustee determined it was a "no-asset" case[1] and filed a Report of No Distribution on May 8, 2008. Prior to that the Court notified Mr. McGuinness on March 19, 2008, that as mandated by Bankruptcy Code § 727(a)(11),[2] his certificate of completion of the financial management course required in order to receive a discharge ("Certificate") had to be filed by May 22, 2008. He failed to file the Certificate and the Court notified him on May 27, 2008, that his case would be closed without the issuance of a discharge if the Certificate was not filed by the updated deadline of June 11, 2008.[3] Again Mr. McGuinness did not heed this notice

---

[1] This term refers to a case in which there are no assets available to be distributed to creditors (generally as a result of a debtor's claim of exemptions under the Bankruptcy Code and the lack of equity in the assets over and above secured claims against the assets).

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C.§§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37 ("BAPCPA").

[3] *See* Notice of Intent to Close Chapter 7 Case Without Entry of Discharge Due to Failure to File Financial Management Course Certificate. (Doc. #8).

and when he failed to file the Certificate, the case was closed on July 2, 2008, without the entry of a discharge.

On September 1, 2015, Mr. McGuinness filed his Motion to Reopen for the Purpose of Filing the Financial Management Certificate ("Motion") seeking the discharge he did not obtain seven years earlier during the pendency of his case. (Doc. #10). Accompanying the Motion is a certificate verifying that he successfully completed the financial management course on August 25, 2015 (Doc. #11), but despite the filing of a memorandum of law in support of the Motion, no substantive explanation was given for the failure to timely complete the course notwithstanding the two notices provided to him by the Court. I afforded Mr. McGuinness the opportunity to supplement the Motion to show sufficient cause why the case should be reopened after such a long delay, bringing to his attention the threshold requirements that must be shown under the relevant case law to justify such a request.[4] Mr. McGuinness filed a supplemental memorandum in support of the Motion explaining that he failed to take the course in a timely manner because he suffered from an anxiety and panic disorder. (Doc. #14). This supplemental filing was accompanied by a letter from Dr. Caroline Troise of Anchor Medical Associates indicating that her office had treated Mr. McGuinness for anxiety, depression, and panic disorder from November 2006 to January 2007, and that he continued to require treatment for those conditions from 2007 to 2009 (collectively the "Supplement"). (Doc. #15).

---

[4] Specifically, I entered an order providing that: "The motion will be denied unless by October 8, 2015 the Debtor shows sufficient cause to reopen the case, particularly in light of the fact that the Debtor's case was closed more than seven years prior to the filing of the motion to reopen. *See In re Dalezios*, 507 B.R. 54, 58-59 (Bankr. D. Mass. 2014) (citing *Colonial Sur. Co. v. Weizman*, 564 F.3d 526, 532 (1st Cir. 2009) (burden on the debtor to show that the law and equities justify relief)); *see also In re Johnson*, 500 B.R. 594 (Bankr. D. Minn. 2013) (denying motion to reopen because the debtors did not provide a reasonable explanation for their failure to comply with the financial management course requirements or for their four year delay in filing their motion to reopen the case)." *See* Doc. #12 (italics added).

2

After reviewing the scant information provided, I conclude that Mr. McGuinness has failed to meet his burden to establish adequate cause and is, therefore, not entitled to reopen his case after such a long delay for the purpose of filing the Certificate to now obtain a discharge.

**I.    Applicable Law**

Bankruptcy Code § 350(b) provides that a case may be reopened for cause. "It is settled beyond cavil that reopening rests within the sound discretion of the bankruptcy court and depends upon the facts of each case" in accordance with the equities presented. *In re McGuire*, 299 B.R. 53, 55 (Bankr. D.R.I. 2003) (citing *In re Gray*, 60 B.R. 428, 429 (D.R.I. 1986)); *In re Ludvigsen*, BAP No. MB 14-039, 2015 WL 3733193, at *4 (B.A.P. 1st Cir. Jan. 16, 2015) (citations omitted). When determining whether to reopen a case, courts have considered, among other factors, "the length of time that the case was closed . . . ; whether any parties would be prejudiced were the case reopened or not reopened; [and] the extent of the benefit which the debtor seeks to achieve by reopening." *In re Dalezios*, 507 B.R. 54, 59 (Bankr. D. Mass. 2014) (quoting *Mass. Dep't of Rev. v. Crocker (In re Crocker)*, 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007)). The movant bears the burden of demonstrating that sufficient cause exists to reopen the case where "law and equities justify this relief." *Colonial Sur. Co. v. Weizman*, 564 F.3d 526, 532 (1st Cir. 2009); s*ee In re Dalezios*, 507 B.R. at 58-59.

The United States Court of Appeals for the First Circuit has not directly addressed the issue of reopening a case for this specific purpose. A review of the relevant case law reveals that some courts "frequently find 'cause' to reopen a case to permit a debtor to file a financial management course certificate in order to obtain a discharge," while other courts "have repudiated attempts to reopen a case to file the certificate, primarily on existence of opprobrius [sic] facts." *In re Ayers*, No. 13-62672, 2015 WL 1133441, at *1 (Bankr. N.D. Ohio Mar. 12, 2015) (citations omitted).

Helpful guidance is provided in *In re Johnson*, where the court articulated four factors to determine "cause" to reopen a case for such purposes: "(1) a reasonable explanation for the failure to comply with the financial course requirements; (2) a timely request for relief; (3) explanation of counsel's failure to monitor the debtors' compliance; and (4) no prejudice to creditors." 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (citations omitted) (denying debtors' motion to reopen to file their financial management certificates for failure to meet these factors); *see also In re Ayers*, 2015 WL 1133441, at *1, 2.

Turning to the first of these considerations, a "reasonable explanation" requires the debtor to provide a justification that "would rise to the level of being an emergency or out of the ordinary." *In re Johnson*, 500 B.R. at 597 (rejecting the debtors' excuse that their "lives were hectic due to the bankruptcy filing and a mortgage foreclosure" as sufficient cause for the failure to timely file the certificate because the debtors' situation was "no different than most other debtors")[5]; *see also In re Villarroel*, No. 07-14084-RGM, 2008 WL 2518713 (Bankr. E.D. Va. June 20, 2008) (denying motion to reopen for failure to articulate a reasonable explanation). "[M]ere ignorance on the part of the debtor . . . is not a reasonable excuse." *Id.* at *1.

Second, the "longer the time between the closing of the case and the motion to reopen, the more compelling the reason for reopening should be." *In re Johnson*, 500 B.R. at 597 (citing *In re Apex Oil Co., Inc.*, 406 F.3d 538, 543 (8th Cir. 2005)); *see Redmond v. Fifth Third Bank*, 624 F.3d 793, 799 (7th Cir. 2010) ("The passage of time weighs heavily against reopening."). Time frames much shorter than that presented here, ranging between eight months and four years, have been considered untimely to permit reopening a case for this purpose. *See, e.g., In re*

---

[5] The debtors also alleged that they failed to complete the financial management course on time because they did not have internet at home. The court also found this explanation unreasonable because they had other options for completing the class and did not testify to any other efforts made by which to take the class. *In re Johnson*, 500 B.R. at 597.

4

*Johnson*, 500 B.R. at 597 (finding four years without excuse untimely); *In re Ayers*, 2015 WL 1133441, at *2 (finding eight months untimely); *In re Rising*, No. 07-50123, 2015 WL 393416, at *3 (Bankr. M.D.N.C. Jan. 8, 2015) (describing a three-year delay as "both significant and without reasonable explanation," even though the motion to reopen was granted on different grounds).

Considering these two prongs together, there is little case law under § 350(b) on how courts have treated a missed deadline due to illness. This issue has been addressed, however, in the context of the "excusable neglect" standard under Federal Rule of Bankruptcy Procedure 9006(b),[6] which considers factors similar to the *Johnson* factors applied under Bankruptcy Code § 350(b).[7] In such cases the courts focus on the person's ability to function in other aspects of their life while suffering from the medical condition they proffer as the basis for missing a filing deadline, as well as the length of the delay. For instance, in *In re Tribune Co.*, a creditor who missed the deadline to file a proof of claim by over two years asserted this was a result of her "bi-polar and depression," which "prevented her from opening mail during that time" and learning of the deadline. No. 08-13141 (KJC), 2013 WL 5966885, at *3, 7 (Bankr. D. Del. Nov. 8, 2013). The court rejected her contention and denied the motion, finding that during this time period she managed to open other mail, such as her utility bills, and had appeared pro se in state court where she had filed various motions, all while the claim deadline approached. *Id.* at *7. In *In re Bott*, the debtor's attorney sought to excuse his missing a deadline by a few days because he suffered from depression. No. 03-40043, 2003 WL 25273846, at *1 (Bankr. D. Idaho May 30,

---

[6] "[T]he court . . . may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

[7] These considerations are "(i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith." *In re Tribune Co.*, No. 08-13141 (KJC), 2013 WL 5966885, at *4 (Bankr. D. Del. Nov. 8, 2013) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)).

2003). The court professed "no particular insight into the manifestations of depression," but found the attorney's explanation "imperfect" because he had attended to his other bankruptcy cases before the court as the deadline approached. *Id.* at *5.

As for the third *Johnson* factor, where the debtor's failure to meet the deadline is attributable to the shortcomings of counsel, some courts have found this to be insufficient cause to warrant the reopening of a case. "Counsel's failure to timely recognize non-compliance . . . is also not a reasonable excuse. Counsel is well aware of the [financial management course] requirement. The requirement has a deadline. . . . Counsel is responsible for monitoring deadlines and endeavoring to have his client comply with them." *In re Villarroel*, 2008 WL 2518713, at *1; *see also In re Ayers*, 2015 WL 1133441, at *2 ("it appears the lack of diligence may rest with counsel").

Finally, in considering the last *Johnson* factor, the burden to demonstrate that creditors will not be prejudiced by the reopening of the case lies squarely with the debtor. *See, e.g., In re Johnson*, 500 B.R. at 597 (also noting in denying the motion to reopen that "no evidence or argument was presented about prejudice to creditors").

## II. Findings of Fact and Conclusions of Law

Applying the *Johnson* factors to the record before me, Mr. McGuinness has not provided adequate evidence or information to meet his burden of demonstrating sufficient cause to reopen the case so many years after its closure. He has not provided any specific evidence of the impact his medical condition had on his ability to function or that its impact was severe enough to prevent him from timely fulfilling the financial management course requirement. The absence of such evidence and any explanation from his treating physician of the impact of his mental condition is particularly significant in light of his demonstrated ability, notwithstanding his

illness, to function at a proficient level that enabled him to: (a) determine a bankruptcy filing was in his best interest; (b) retain bankruptcy counsel; (c) complete the initial credit counseling course; and (d) assist counsel in the preparation and filing of his schedules, statement of financial affairs, and all the other requisite bankruptcy documents relating to his petition. And he successfully completed these aspects of his bankruptcy case only a few months before the deadlines to complete the financial management course requirement. Just as problematic is the utter lack of an explanation for the six-year gap between Mr. McGuinness' final treatment for his medical condition in 2009 and the filing of the Motion.[8]

Mr. McGuinness was represented by experienced bankruptcy counsel during the pendency of his case, who continues to represent him regarding the Motion. Given that the record is silent about counsel's efforts to obtain Mr. McGuinness' compliance with the financial management course requirement, I will infer from the sole reason offered as to why the requirement was not timely satisfied that counsel's role in this regard is a non-issue.

It is troubling that the Motion and Supplement fail to address the issue of potential prejudice to creditors by the long delay in the filing of the Motion. While this was closed as a no-asset case in 2008 and Mr. McGuinness would have been granted a discharge had he timely filed the Certificate by the extended deadline, I have no information regarding his current financial circumstances or his financial affairs seven years later. Hence, he has not met his burden to establish that his creditors listed on the petition filed so many years ago would not be prejudiced by the reopening of the case now so that he may obtain a discharge of these debts.

---

[8] In her letter of September 29, 2015, Dr. Troise states: "He was treated in our office for anxiety, depression and panic disorder from November 2006 to January 2007. He continued to require treatment for these conditions from 2007-2009." (Doc. #15).

### III.     Conclusion

Having failed to meet his burden to show cause, the Motion to Reopen for the Purpose of Filing the Financial Management Certificate is DENIED.

Date: October 21, 2015                                                 By the Court,

_Diane Finkle_ 10/21/2015

Diane Finkle
U.S. Bankruptcy Judge